FILED

13 NOV 13 AM 10:57

DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALDIN MARTINEZ-AGUSTIN,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 11-CR-3812-BEN<br>12-CV-1092-BEN<br><br>**ORDER:**<br><br>**(1) DENYING 28 U.S.C. § 2255 MOTION**<br><br>**(2) DENYING AS MOOT MOTION FOR EXPEDITED PROCEEDINGS**<br><br>[Docket Nos. 29, 42] |

Petitioner Aldin Martinez-Agustin ("Martinez") moves pursuant to 28 U.S.C. § 2255 to vacate his 18-month sentence. For the reasons stated below, the Court **DENIES** the motion.

## BACKGROUND

On July 27, 2011, Martinez applied for entry into the United States from Mexico at the San Ysidro Port of Entry. Martinez presented a Lawful Permanent Resident card that did not belong to him, and Martinez was found to be an alien previously deported from the United States. After being arrested, Martinez admitted that he was a Guatemalan citizen with no legal entitlement to enter the United States.

On July 28, 2011, the United States filed a complaint charging Martinez with one count of attempted entry after deportation in violation of 8 U.S.C. § 1326. On August 25, 2011, the United States filed an information charging Martinez with one count of

attempted entry after deportation in violation of 8 U.S.C. § 1326. Martinez waived indictment and pled guilty to this charge. The plea agreement detailed a joint recommendation for a 9-month custodial sentence as well as a waiver of appeal in the event of a sentence within the guideline range. In the plea, Martinez admitted that he was "lawfully excluded, deported and removed from the United States to Guatemala on June 3, 2011." (Opp., Exh. 1, at 3.) On October 4, 2011, the United States recommended a sentencing guideline range of 9 to 15 months.

On October 11, 2011, this Court held a sentencing hearing which was continued until November 14, 2011 so that defense counsel could investigate Martinez's assertion of a possible asylum claim. At the November 14 sentencing hearing, Attorney Joseph Milchen, defense counsel, stated that he thoroughly investigated the asylum issue, spoke with Martinez's sister and an immigration specialist, and confirmed that Martinez did not have an asylum claim or a valid challenge to his deportation. The Court concluded that an 18-month sentence was appropriate. The court sentenced Martinez to three months above the guideline range due to Martinez's prior convictions for driving under the influence of alcohol. Martinez appealed his sentence and the Ninth Circuit affirmed the Court's decision.

Presently before the Court is Martinez's Motion to Vacate Sentence Under 28 U.S.C. § 2255. (Docket No. 29.) Martinez filed two amendments to his Motion. (Docket Nos. 32, 34.) In addition, Martinez filed a Motion to Expedited Proceedings. (Docket No. 42.)

## DISCUSSION

A § 2255 movant alleging ineffective assistance of counsel must show that (1) "counsel's performance was deficient;" and (2) the "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (applying *Strickland* test to ineffective assistance claims arising out of the plea process). In the context of a guilty plea, the second prong focuses on whether "there is a reasonable probability that, but for counsel's errors, he

would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Both prongs must be met to state a claim for ineffective assistance of counsel. *Strickland*, 466 U.S. at 687.

The Court will consider whether Attorney Milchen's performance was deficient. The defendant must show counsel's alleged errors to be so egregious that defendant was not given the counsel guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The identified acts cannot have been the result of reasonable, professional judgment considering the circumstances. *See id.* at 689-90. When the alleged deficiency is a failure to investigate, the movant must provide "the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004) (internal quotation marks omitted). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

### I. EFFECTIVE REPRESENTATION AND ASYLUM CLAIM

First, Martinez argues that Attorney Milchen failed to properly investigate his claim for asylum and challenge his prior deportation order.

Martinez fails to demonstrate that his defense counsel's performance was deficient. Attorney Milchen was aware of the asylum-related concerns expressed by Martinez, and detailed to the court his investigation into the matter. At the November 14 sentencing hearing, Attorney Milchen stated that he (1) reviewed the documents that Martinez and his family provided him; (2) spoke to Martinez and his sister about the issues related to the asylum claim and deportation; and (3) reviewed Martinez's immigration file and researched the issues. (Opp., Exh. 2, at 3-8.) Attorney Milchen concluded that Martinez did not have a valid asylum claim or a valid challenge to his deportation order.

Moreover, Martinez fails to provide precise information, or "a comprehensive showing as to what the investigation would have produced," as required under *Richardson*. *See* 379 F.3d at 488. Although Martinez attached a Form I-797C, Notice

of Action to his Traverse (Docket No. 40), which purports to show that he applied for asylum, he has not shown that he was granted asylum. In addition, Martinez admitted in his plea agreement that he was "lawfully excluded, deported and removed from the United States to Guatemala on June 3, 2011." (Opp., Exh. 1, at 3.)

Accordingly, Martinez has failed to state a claim for ineffective assistance of counsel based on Attorney Milchen's alleged failure to properly investigate his claim for asylum and challenge his prior deportation order.

## II. IN ABSENTIA ORDER OF DEPORTATION

Second, Martinez argues that Attorney Milchen should have filed a 1326(d) motion challenging his deportation order because it was made in absentia.

When an alien fails to appear at a scheduled removal proceeding, a removal order must be entered in absentia "if the [Immigration and Naturalization Service ("INS")] establishes by clear, unequivocal, and convincing evidence that the written notice was . . . provided" in accordance with 8 U.S.C. § 1229(a)(1) or (2), and that the alien is removable. 8 U.S.C. § 1229a(b)(5)(A). A motion to re-open may be filed and an in absentia removal order rescinded, however, "if the alien demonstrates that the alien did not receive notice" in accordance with the statute. 8 U.S.C. § 1229a(b)(5)(C)(ii). A motion to re-open immigration proceedings based on a removal order entered in absentia must be accompanied by documentary evidence. *See* 8 C.F.R. § 208.2(c)(3)(ii).

On August 9, 2004, the INS initiated deportation proceedings against Martinez by filing and serving a Notice to Appear ("NTA") on Martinez. (Opp., Exh. 3.) The NTA indicates that it was personally served on Martinez by an NTS officer. (*Id.*, Exh. 4.) In addition, Martinez signed the NTA in two places, indicating his receipt and acknowledgment of the NTA. (*Id.*, Exh. 4, at 2.) The Ninth Circuit has found that certified mail, arguably less reliable than personal service, raises a "strong presumption of effective service." *Sembiring v. Gonzales,* 499 F.3d 981, 986 (9th Cir. 2007) (internal quotation marks omitted).

1  On March 28, 2005, the Immigration Judge found Martinez to be removable as charged in the NTA, based in part on Martinez's I-213, and ordered him deported from the United States. Martinez was physically removed from the United States on June 14, 2011.

Martinez does not allege that he did not receive notice of the hearing date. In addition, he has not filed a motion to re-open his immigration proceedings, which is the proper method to challenge his in absentia removal. An alien must rebut the presumption of notice through a sworn affidavit, application for relief, and motion to re-open in order to successfully challenge an immigration judge's denial of a motion to re-open based on an in absentia deportation. *See, e.g., Ochoa-Varona v. Holder*, 488 Fed. App'x 200, 201 (9th Cir. 2012).

Because Martinez ultimately would have been unsuccessful in challenging his removal order, his claim for ineffective assistance of counsel based on Attorney Milchen's alleged failure to file a 1326(d) motion fails.

### III. EVIDENTIARY HEARING

Where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may deny the petitioner's request for an evidentiary hearing. 28 U.S.C. § 2255(b); *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989). Here, because the files and records of this case conclusively show that Martinez does not have a valid claim for ineffective assistance of counsel, Martinez is not entitled to an evidentiary hearing.

### IV. MOTION FOR EXPEDITED PROCEEDINGS

Martinez's Motion for Expedited Proceedings is **DENIED AS MOOT**.

///
///
///
///
///

## CONCLUSION

For the reasons stated above, Martinez's motion is **DENIED**. In addition, Martinez's Motion for Expedited Proceedings is **DENIED AS MOOT**. The Clerk shall close case number 12-CV-1092 BEN.

**IT IS SO ORDERED.**

DATED: 11/12/13

HON. ROGER T. BENITEZ
United States District Judge